## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 3:19-CR-00338 |
| | : | |
| v. | : | (JUDGE MANNION) |
| | : | |
| MARK ERIC ICKER, | : | (electronically filed) |
| Defendant. | : | |

### PLEA AGREEMENT

The following Plea Agreement is entered by the United States

Attorney for the Middle District of Pennsylvania, the Civil Rights

Division of the United States Department of Justice and the above-

captioned defendant. Any reference to the United States or to the

Government in this Agreement shall mean the Office of the United

States Attorney for the Middle District of Pennsylvania and the Civil

Rights Division of the United States Department of Justice.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1. <u>Waiver of Indictment/Plea of Guilty</u>. The defendant agrees to

waive indictment by a grand jury and plead guilty to Counts

One and Two of a felony Information, which will be filed against

the defendant by the United States Attorney. Count One of the

Information will charge the defendant with a violation of Title

18, United States Code, § 242, Deprivation of Civil Rights

Under Color of Law relating to victim S.R. The maximum

penalty for that offense is imprisonment for a period of 10 years,

a fine of $250,000, a maximum term of supervised release of 3

years, to be determined by the court, which shall be served at

the conclusion of and in addition to any term of imprisonment,

the costs of prosecution, denial of certain federal benefits, and

an assessment in the amount of $100. Count Two of the

Information will charge the defendant with a violation of Title

18, United States Code, § 242, Deprivation of Civil Rights

Under Color of Law relating to victim R.V. The maximum

penalty for that offense is imprisonment for a period of 10 years,

a fine of $250,000, a maximum term of supervised release of 3

years, to be determined by the court, which shall be served at

the conclusion of and in addition to any term of imprisonment,

the costs of prosecution, denial of certain federal benefits, and

an assessment in the amount of $100. At the time the guilty

plea is entered, the defendant shall admit to the court that the

2

defendant is, in fact, guilty of the offenses charged in the
Information. The defendant agrees that the United States may,
at its sole election, reinstate any dismissed charges or seek
additional charges in the event that any guilty plea entered or
sentence imposed pursuant to this Agreement is subsequently
vacated, set aside, or invalidated by any court. The defendant
further agrees to waive any defenses to reinstatement of those
charges, or the filing of additional charges, based upon laches,
the assertion of speedy trial rights, any applicable statute of
limitations, or any other ground. The calculation of time under
the Speedy Trial Act for when trial must commence is tolled as
of the date of the defendant's signing of this Plea Agreement.

2.  Term of Supervised Release. The defendant understands that
the court must impose a term of supervised release following
any sentence of imprisonment exceeding one year, or when
required by statute. The court may require a term of supervised
release in any other case. In addition, the defendant
understands that as a condition of any term of supervised

3

release or probation, the court must order that the defendant
cooperate in the collection of a DNA sample if the collection of a
sample is so authorized by law.

3.  <u>Maximum Sentence – Multiple Counts</u>.  The defendant
    understands that the total, maximum possible sentence for all
    charges is the combination of penalties described above; that is,
    20 years in prison and/or fines totaling $500,000, 3 years of
    supervised release, the costs of prosecution, denial of certain
    federal benefits and an assessment totaling $200.

4.  <u>No Further Prosecution, Except Tax Charges</u>.  The United
    States Attorney's Office for the Middle District of Pennsylvania
    agrees that it will not bring any other criminal charges against
    the defendant directly arising out of the defendant's
    involvement in the offenses described above.  However, nothing
    in this Agreement will limit prosecution for criminal tax
    charges, if any, arising out of those offenses.

4

## B. Fines and Assessments

5. <u>Fine</u>. The defendant understands that the court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the court, in full, may be considered a breach of this Plea Agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, § 3611, et seq.

6. <u>Alternative Fine</u>. The defendant understands that under the alternative fine section of Title 18, United States Code, § 3571, the maximum fine quoted above may be increased if the court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

7.  Inmate Financial Responsibility Program. If the court orders a
    fine or restitution as part of the defendant's sentence, and the
    sentence includes a term of imprisonment, the defendant agrees
    to voluntarily enter the United States Bureau of Prisons-
    administered program known as the Inmate Financial
    Responsibility Program, through which the Bureau of Prisons
    will collect up to 50% of the defendant's prison salary, and up to
    50% of the balance of the defendant's inmate account, and apply
    that amount on the defendant's behalf to the payment of the
    outstanding fine and restitution orders.

8.  Special Assessment. The defendant understands that the court
    will impose a special assessment of $100 for each count,
    pursuant to the provisions of Title 18, United States Code, §
    3013. No later than the date of sentencing, the defendant or
    defendant's counsel shall mail a check in payment of the special
    assessment directly to the Clerk, United States District Court,
    Middle District of Pennsylvania. If the defendant intentionally
    fails to make this payment, that failure may be treated as a

6

breach of this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

9. Collection of Financial Obligations. In order to facilitate the collection of financial obligations imposed in connection with this case, the defendant consents and agrees:

   a. to fully disclose all assets in which the defendant has an interest or over which the defendant has control, directly or indirectly, including those held by a spouse, nominee, or other third party;

   b. to submit to interviews by the Government regarding the defendant's financial status;

   c. to submit a complete, accurate, and truthful financial statement, on the form provided by the Government, to the United States Attorney's Office no later than 14 days following entry of the guilty plea;

   d. whether represented by counsel or not, to consent to contact by and communication with the Government, and to waive

7

any prohibition against communication with a represented
party by the Government regarding the defendant's
financial status;

e.   to authorize the Government to obtain the defendant's
credit reports in order to evaluate the defendant's ability to
satisfy any financial obligations imposed by the court; and

f.   to submit any financial information requested by the
Probation Office as directed, and to the sharing of financial
information between the Government and the Probation
Office.

## C. Sentencing Guidelines Calculation

10. Determination of Sentencing Guidelines. The defendant and
counsel for both parties agree that the United States Sentencing
Commission Guidelines, which took effect on November 1, 1987,
and its amendments, as interpreted by *United States v. Booker*,
543 U.S. 220 (2005), will apply to the offense or offenses to
which the defendant is pleading guilty. The defendant further
agrees that any legal and factual issues relating to the

8

application of the Federal Sentencing Guidelines to the
defendant's conduct, including facts to support any specific
offense characteristic or other enhancement or adjustment and
the appropriate sentence within the statutory maximums
provided for by law, will be determined by the court after
briefing, a pre-sentence hearing, and/or a sentencing hearing.

11. Acceptance of Responsibility– Two or Three Levels. If the
defendant can adequately demonstrate recognition and
affirmative acceptance of responsibility to the Government as
required by the Sentencing Guidelines, the Government will
recommend that the defendant receive a two-level or three-level
reduction in the defendant's offense level for acceptance of
responsibility. The third level, if applicable, shall be within the
discretion of the Government under U.S.S.G. § 3E1.1. The
failure of the court to find that the defendant is entitled to a
two-level or three-level reduction shall not be a basis to void this
Plea Agreement.

9

12. <u>Specific Sentencing Guidelines Recommendations</u>.  With respect
to the application of the Sentencing Guidelines to the
defendant's conduct, the parties agree to recommend as follows:

a.)     Pursuant to U.S.S.G. § 2H1.1(a)(1) and U.S.S.G. §
2A3.1(a)(2), the base offense level for each Deprivation of Civil
Rights Under Color of Law offense charged in Counts 1 and 2
of the Information is 30 due to the sexual offenses committed
by defendant.

b.)     Pursuant to U.S.S.G. § 2H1.1(b)(1), 6 levels are
properly added to the base offense level by application of the
following specific offense characteristic: the offense was
committed under color of law.

c.)     For purposes of the U.S.S.G., the parties agree to
jointly recommend to the Court that the defendant be
sentenced to a term of 144 months' incarceration.

d.)     Pursuant to U.S.S.G. Sections 1B1.2(c) and 1B1.3,
relevant conduct in this case includes the defendant's
unlawful conduct toward victim, A.N., on or about June 17,

10

2018, which constitutes a misdemeanor violation of Title 18, United States Code, Section 242, the facts of which are set forth in the parties' Joint Offense Conduct.

e.)     Pursuant to U.S.S.G. Sections 1B1.2(c) and 1B1.3, relevant conduct in this case includes the defendant's unlawful conduct toward victim, A.R., on or about October 24, 2018, which constitutes a misdemeanor violation of Title 18, United States Code, Section 242, the facts of which are set forth in the parties' Joint Offense Conduct.

f.)     Pursuant to U.S.S.G. Sections 1B1.2(c) and 1B1.3, relevant conduct in this case includes the defendant's unlawful conduct toward victim, S.E., on or about November 11, 2018, which constitutes a misdemeanor violation of Title 18, United States Code, Section 242, the facts of which are set forth in the parties' Joint Offense Conduct.

Each party reserves the right to make whatever remaining arguments it deems appropriate with regard to application of

11

the United States Sentencing Commission Guidelines to the defendant's conduct. The defendant understands that none of these recommendations is binding upon either the court or the United States Probation Office, which may make different findings as to the application of the Sentencing Guidelines to the defendant's conduct. The defendant further understands that the United States will provide the court and the United States Probation Office all information in its possession that it deems relevant to the application of the Sentencing Guidelines to the defendant's conduct.

## D. Sentencing Recommendation

13. Special Conditions of Probation/Supervised Release. If probation or a term of supervised release is ordered, the United States may recommend that the court impose one or more special conditions, including but not limited to the following:

   a. The defendant be prohibited from possessing a firearm or other dangerous weapon.

12

b.   The defendant make restitution, if applicable, the payment of which shall be in accordance with a schedule to be determined by the court.

c.   The defendant pay any fine imposed in accordance with a schedule to be determined by the court.

d.   The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the Probation Office unless the defendant is in compliance with the payment schedule.

e.   The defendant be directed to provide the Probation Office and the United States Attorney access to any requested financial information.

f.   The defendant be confined in a community treatment center, halfway house, or similar facility.

g.   The defendant be placed under home confinement.

h.   The defendant be ordered to perform community service.

13

    i.    The defendant be restricted from working in certain types of occupations or with certain individuals, if the Government deems such restrictions to be appropriate.

    j.    The defendant be directed to attend substance abuse counseling, which may include testing to determine whether the defendant is using drugs or alcohol.

    k.    The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the Probation Officer.

    l.    The defendant be denied certain federal benefits including contracts, grants, loans, fellowships and licenses.

    m.   The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

## E.  Forfeiture of Assets

14. <u>Destruction Order/Waivers.</u>  The defendant agrees, should the United States deem it appropriate, to the destruction of the items seized during the course of the investigation.  The

14

defendant agrees that the items may be destroyed by the
investigative agency with or without a court order authorizing
the destruction of the items seized. If the United States
determines that a destruction order should be obtained, the
defendant and defendant's counsel hereby concur in a motion for
such an order. The defendant further agrees to waive all
interest in the assets in any administrative or judicial forfeiture
proceeding, whether criminal or civil, state or federal. The
defendant consents and waives all rights to compliance by the
United States with any applicable deadlines under 18 U.S.C. §
983(a). Any related administrative claim filed by the defendant
is hereby withdrawn. The defendant agrees to consent to the
entry of orders of forfeiture for such property and waives the
requirements of Federal Rules of Criminal Procedure 32.2 and
43(a) regarding notice of the forfeiture in the charging
instrument, announcement of the forfeiture at sentencing, and
incorporation of forfeiture in the judgment.

## F. Victims' Rights and Restitution

15. Victims' Rights. The defendant understands that pursuant to the Victim and Witness Protection Act, the Crime Victims' Rights Act, the Justice for All Act, and the regulations promulgated under those Acts by the Attorney General of the United States, crime victims have the following rights:

    a. The right to be reasonably protected from the accused;

    b. The right to reasonable, accurate, and timely notice of any public court proceeding or any parole proceeding involving the crime, or of any release or escape of the accused;

    c. The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be altered materially if the victim heard other testimony at that proceeding;

    d. The right to be reasonably heard at any public hearing in the district court involving release, plea, sentencing, or any parole proceeding. The defendant understands that the

16

victim's comments and recommendations at any of these
proceedings may be different than those of the parties to
this Agreement;

e.  The reasonable right to confer with the attorney for the
Government in the case.  The defendant understands that
the victim's opinions and recommendations given to the
attorney for the Government may be different than those
presented by the United States as a consequence of this
Agreement;

f.  The right to full and timely restitution as provided for by
law.  The attorney for the Government is required to "fully
advocate the rights of victims on the issue of restitution
unless such advocacy would unduly prolong or complicate
the sentencing proceeding," and the court is authorized to
order restitution by the defendant including, but not limited
to, restitution for property loss, economic loss, personal
injury, or death;

g.  The right to proceedings free from unreasonable delay; and

17

   h.   The right to be treated with fairness and with respect for
the victim's dignity and privacy.

16. <u>Restitution</u>. The defendant acknowledges that, pursuant to the
Mandatory Restitution Act of April 24, 1996, Title 18, United
States Code, § 3663A, the court is required in all instances to
order full restitution to all victims for the losses those victims
have suffered as a result of the defendant's conduct. The
defendant also agrees that the Government will seek and the
court may impose an order of restitution as to victims of the
defendant's relevant conduct. With respect to the payment of
restitution, the defendant further agrees that, as part of the
sentence in this matter, the defendant shall be responsible for
making payment of restitution in full, unless the defendant can
demonstrate to the satisfaction of the court that the defendant's
economic circumstances do not allow for the payment of full
restitution in the foreseeable future, in which case the
defendant will be required to make partial restitution
payments. In addition to the schedule of payments that may be

18

established by the court, the Defendant understands and agrees

that, pursuant to the Mandatory Victims Restitution Act of

1996 and the Justice For All Act of 2004, victims of Federal

Crime are entitled to full and timely restitution. As such, these

payments do not preclude the government from using other

assets or income of the Defendant to satisfy the restitution

obligation. The Defendant understands and agrees that the

United States Attorney's Office, by and through the Financial

Litigation Unit, has the obligation and the right to pursue any

legal means, including but not limited to, submission of the debt

to the Treasury Offset Program, to collect the full amount of

restitution owed to the victim(s) in a timely fashion. Although

the defendant may reserve the right to contest the amount of

restitution owed, the defendant agrees to take all steps to

facilitate collection of all restitution, including submitting to

debtor's exams as directed by the Government. Towards this

goal, the defendant agrees to waive any further notice of

forfeiture and agrees that the United States may, at its sole

19

election, elect to pursue civil and/or criminal forfeiture in the amount of the victim restitution owed in this case, and the court may enter both a restitution order and a forfeiture judgment in the amount of any unpaid restitution found by the court to be due and owing at the time of sentencing in this matter. The defendant consents to the filing of any civil complaint or superseding information which may be necessary to perfect a forfeiture order and further stipulates and agrees that the defendant's guilty plea constitutes an admission to all matters legally and factually necessary for entry of a forfeiture order in this case. The parties agree that any restitution payments obtained by the United States or the victim will be applied by the United States to reduce both the restitution obligation in this case and the amount of the outstanding forfeiture order entered by the court. The parties further agree that the Government will recommend that any assets recovered through forfeiture proceedings be remitted to crime victims to reduce the defendant's restitution obligation in this case. The defendant

acknowledges that the making of any payments does not

preclude the Government from using other assets or income of

the defendant to satisfy the restitution obligations. The

defendant understands that the amount of restitution

calculated for purposes of Chapter 5 of the Sentencing

Guidelines might be different from the amount of loss calculated

for purposes of Chapter 2 of the Sentencing Guidelines.

## G. Information Provided to Court and Probation Office

17. Background Information for Probation Office. The defendant

understands that the United States will provide to the United

States Probation Office all information in its possession that the

United States deems relevant regarding the defendant's

background, character, cooperation, if any, and involvement in

this or other offenses.

18. Objections to Pre-Sentence Report. The defendant understands

that pursuant to the United States District Court for the Middle

District of Pennsylvania "Policy for Guideline Sentencing" both

the United States and defendant must communicate to the

21

Probation Officer within 14 days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, sentencing guideline ranges, and policy statements contained in or omitted from the report. The defendant agrees to meet with the United States at least five days prior to sentencing in a good faith attempt to resolve any substantive differences. If any issues remain unresolved, they shall be communicated to the Probation Officer for inclusion in an addendum to the pre-sentence report. The defendant agrees that unresolved substantive objections will be decided by the court after briefing, or a pre-sentence hearing, or at the sentencing hearing where the standard or proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the court may consider any reliable evidence, including hearsay. Objections by the defendant to the pre-sentence report or the court's rulings, will not be grounds for withdrawal of a plea of guilty.

22

19. Relevant Sentencing Information. At the sentencing, the United States will be permitted to bring to the court's attention, and the court will be permitted to consider, all relevant information about the defendant's background, character and conduct, including the conduct that is the subject of the charges that the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States will be entitled to bring to the court's attention and the court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

20. Non-Limitation on Government's Response. Nothing in this Agreement shall restrict or limit the nature or content of the United States' motions or responses to any motions filed on behalf of the defendant. Nor does this Agreement in any way restrict the government in responding to any request by the court for briefing, argument or presentation of evidence regarding the application of Sentencing Guidelines to the

23

defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

## H. Court Not Bound by Plea Agreement

21. Court Not Bound by Terms. The defendant understands that the court is not a party to and is not bound by this Agreement, or any recommendations made by the parties. Thus, the court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for 20 years, a fine of $500,000, a maximum term of supervised release of up to 3 years, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits, and assessments totaling $200.

22. No Withdrawal of Plea Based on Sentence or Recommendations. If the court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any pleas should the court decline to

24

follow any recommendations by any of the parties to this
Agreement.

## I.  Breach of Plea Agreement by Defendant

23. Breach of Agreement.  In the event the United States believes
the defendant has failed to fulfill any obligations under this
Agreement, then the United States shall, in its discretion, have
the option of petitioning the court to be relieved of its
obligations.  Whether the defendant has completely fulfilled all
of the obligations under this Agreement shall be determined by
the court in an appropriate proceeding during which any
disclosures and documents provided by the defendant shall be
admissible, and during which the United States shall be
required to establish any breach by a preponderance of the
evidence.  In order to establish any breach by the defendant, the
United States is entitled to rely on statements and evidence
given by the defendant during the cooperation phase of this
Agreement, if any.

25

24. <u>Remedies for Breach</u>.  The defendant and the United States
    agree that in the event the court concludes that the defendant
    has breached the Agreement:

    a.  The defendant will not be permitted to withdraw any guilty
        plea tendered under this Agreement and agrees not to
        petition for withdrawal of any guilty plea;

    b.  The United States will be free to make any
        recommendations to the court regarding sentencing in this
        case;

    c.  Any evidence or statements made by the defendant during
        the cooperation phase of this Agreement, if any, will be
        admissible at any trials or sentencings;

    d.  The United States will be free to bring any other charges it
        has against the defendant, including any charges originally
        brought against the defendant or which may have been
        under investigation at the time of the plea.  The defendant
        waives and hereby agrees not to raise any defense to the

26

reinstatement of these charges based upon collateral

estoppel, Double Jeopardy, or other similar grounds.

25. Violation of Law While Plea or Sentence Pending. The

defendant understands that it is a condition of this Plea

Agreement that the defendant refrain from any further

violations of state, local, or federal law while awaiting plea and

sentencing under this Agreement. The defendant acknowledges

and agrees that if the government receives information that the

defendant has committed new crimes while awaiting plea or

sentencing in this case, the government may petition the court

and, if the court finds by a preponderance of the evidence that

the defendant has committed any other criminal offense while

awaiting plea or sentencing, the Government shall be free at its

sole election to either: (a) withdraw from this Agreement; or (b)

make any sentencing recommendations to the court that it

deems appropriate. The defendant further understands and

agrees that, if the court finds that the defendant has committed

any other offense while awaiting plea or sentencing, the

27

defendant will not be permitted to withdraw any guilty pleas
tendered pursuant to this Plea Agreement, and the government
will be permitted to bring any additional charges that it may
have against the defendant.

## J.   Licensing, Resignation, and Decertification

26. Revocation of Police Officer Certification.  The defendant
understands and agrees that his Municipal Police Officer
Certification will be revoked by the Pennsylvania Municipal
Police Officers' Education and Training Commission upon his
conviction for the instant offenses.

## K.   Deportation

27. Deportation/Removal from the United States.  The defendant
understands that, if defendant is not a United States citizen,
deportation/removal from the United States is a possible
consequence of this plea.  The defendant further agrees that
this matter has been discussed with counsel who has explained
the immigration consequences of this plea.  Defendant still
desires to enter into this plea after having been so advised.

28

L. **Appeal Waiver**

    28. <u>Appeal Waiver – Direct</u>.  The defendant is aware that Title 28, United States Code, § 1291 affords a defendant the right to appeal a judgment of conviction and sentence; and that Title 18, United States Code, § 3742(a) affords a defendant the right to appeal the sentence imposed.  Acknowledging all of this, the defendant knowingly waives the right to appeal the conviction and sentence.  This waiver includes any and all possible grounds for appeal, whether constitutional or non-constitutional, including, but not limited to, the manner in which that sentence was determined in light of *United States v. Booker*, 543 U.S. 220 (2005).  The defendant further acknowledges that this appeal waiver is binding only upon the defendant and that the United States retains its right to appeal in this case.

M. **Other Provisions**

    29. <u>No Civil Claims or Suits</u>.  The defendant agrees not to pursue or initiate any civil claims or suits against the United States of

America, its agencies or employees, whether or not presently
known to the defendant, arising out of the investigation,
prosecution or cooperation, if any, covered by this Agreement,
including but not limited to any claims for attorney's fees and
other litigation expenses arising out of the investigation and
prosecution of this matter. By the defendant's guilty plea in
this matter the defendant further acknowledges that the
Government's position in this litigation was taken in good faith,
had a substantial basis in law and fact and was not vexatious.

30. Plea Agreement Serves Ends of Justice. The United States is
entering into this Plea Agreement with the defendant because
this disposition of the matter fairly and adequately addresses
the gravity of the series of offenses from which the charges are
drawn, as well as the defendant's role in such offenses, thereby
serving the ends of justice.

31. Merger of All Prior Negotiations. This document states the
complete and only Plea Agreement between the United States
Attorney for the Middle District of Pennsylvania and the

30

defendant in this case, and is binding only on the parties to this
Agreement and supersedes all prior understandings or plea
offers, whether written or oral.  This agreement cannot be
modified other than in writing that is signed by all parties or on
the record in court.  No other promises or inducements have
been or will be made to the defendant in connection with this
case, nor have any predictions or threats been made in
connection with this plea.  Pursuant to Rule 11 of the Federal
Rules of Criminal Procedure, the defendant certifies that the
defendant's plea is knowing and voluntary, and is not the result
of force or threats or promises apart from those promises set
forth in this written Plea Agreement.

32. Defendant is Satisfied with Assistance of Counsel. The

Defendant agrees that the defendant has discussed this case
and this plea agreement in detail with the defendant's attorney
who has advised the defendant of the defendant's Constitutional
and other trial and appeal rights, the nature of the charges, the
elements of the offenses the United States would have to prove

31

at trial, the evidence the United States would present at such

trial, possible defenses, the advisory Sentencing Guidelines and

other aspects of sentencing, potential losses of civil rights and

privileges, and other potential consequences of pleading guilty

in this case. The defendant agrees that the defendant is

satisfied with the legal services and advice provided to the

defendant by the defendant's attorney.

33. <u>Deadline for Acceptance of Plea Agreement</u>. The original of this

Agreement must be signed by the defendant and defense

counsel and received by the United States Attorney's Office on

or before 5:00 p.m., on October 18, 2019, otherwise the offer

may, in the sole discretion of the Government, be deemed

withdrawn.

34. <u>Required Signatures</u>. None of the terms of this Agreement shall

be binding on the Office of the United States Attorney for the

Middle District of Pennsylvania until signed by the defendant

and defense counsel and then signed by the United States

Attorney or his designee.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

11-15-19
Date

MARK ERIC ICKER
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

11/15/19
Date

BERNARD J. BROWN, ESQ.
Counsel for Defendant

DAVID J. FREED
United States Attorney

Nov. 20, 2019
Date

By: MICHELLE OLSHEFSKI
Assistant United States Attorney

By: JEFFERY ST JOHN
Assistant United States Attorney

33

ERIC DREIBAND
Assistant Attorney General
U.S. Department of Justice

11-20-2019                    By:   Shan Patel
Date                                _____

                                    SHAN PATEL
                                    Trial Attorney
                                    Civil Rights Division

34