TRULINCS 77123067 - ICKER, MARK ERIC - Unit: BUF-G-A

---

FROM: 77123067
TO:
SUBJECT: motion cover letter
DATE: 02/14/2023 08:41:04 PM

IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,
    PLANTIFF

VS.

MARK ERIC ICKER,
    DEFENDANT

UNITED STATES OF AMERICA v. MARK ERIC ICKER
CRIM NO: 3:19-cr-00338-001

DEFENDANTS RENEWED MOTION FOR COMPASSIONATE RELEASE/RENEWED
MOTION FOR RESENTENCING TO HOME CONFINEMENT PURSUANT TO
18 u.s.c 3582(c)(1)(A)(i)

FILED
SCRANTON

FEB 22 2023

PER _____
    DEPUTY CLERK

TRULINCS 77123067 - ICKER, MARK ERIC - Unit: BUF-G-A

----------------------------------------------------------------------------------

FROM: 77123067
TO:
SUBJECT: motion 1st page
DATE: 02/14/2023 08:47:26 PM

The defendant, Mark Eric Icker, pro se, respectfully moves this court to grant his renewed Motion for Compassionate Release/ Renewed motion for resentencing to Home confinement pursuant to 18 U.S.C 3582(c)(1)(A)(i). This motion should be granted because of the availability of new evidence that was not available when the court [entered judgement]. Defendant is making a timely request to this court for an evidentiary hearing to assist in the courts ruling on his motion for compassionate release/ renewed motion for resentencing to home confinement pursuant to 18 u.s.c. 3582(c)(1)(A)(i). Defendant will satisfy the second prong of the standard for a motion for reconsideration in light of the fact there is substantial new material evidence germane to these issues that was not available at the time of the courts prior decision.

TRULINCS 77123067 - ICKER, MARK ERIC - Unit: BUF-G-A

---

FROM: 77123067
TO:
SUBJECT: COMPASSIONATE RELEASE MOTION FOR RECONSIDERATION 1
DATE: 02/14/2023 08:50:14 PM

Here before this honorable court is a motion for Reconsideration for my Compassionate Release. This motion will be based on new evidence not available when the court entered judgement. To succeed on a motion for reconsideration and have a judgement altered or amended, a defendant must show at least one of the following: (1) an intervening change in the controlling law' (2) the availability of new evidence that was not available when the court [entered judgement]; or (3) the need to correct a clear error ow law or fact or to prevent manifest injustice. "max's seafood cafeex rel. lou-ann, inc v. quinteros, 176 F.3d 669, 676 (3d cir. 1999). The 3rd Circuit even admits in last Motion for Reconsideration that "based on the new information received by the court, the court directed the government to file Icker's medical records regarding his recent exam at Duke Hospital". I respectfully request that the court examine all exhibits submitted as they will meet the burden of proof that i am not receiving adequate medical care and my Compassionate Release should be granted.

My Congestive Heart Failure is a Terminal Condition under 3582. I would like to reference United States V. Creamer 2022 U.S. Dist Lexis 11629 Case No. 3:19-cr-168-TJC-JBT. "While the term "heart failure" does not mean that the heart has topped, it means the heart does not pump enough blood to meet the body's needs. National heart, lung, and blood institute (NHLBI), Heart Failure available at https://www.nhlbi.nih.gov/health-topics/heart-failure. The Cleveland Clinic described Heart Failure as a "chronic long term condition that gets worse with time", https://my.clevelandclinic.org/diseases/17069-heart-failure-understanding-heart-failure. Likewise, Britans National Health service describes heart failure as " a serious long term condition that'll usually continue to get slowly worse over time" and " is often eventually fatal". https://www.nhs.uk/conditions/heart-failure. According to one medical journal, [o]ver the last 10 years, there has bean a realization that heart failure (itself the final common pathway of several aetiologias such as hypertension. ischemic and valvular heart disease, and cardiomyopathy) is a terminal illness. Miriam J. Johnson, Management of end stage cardiac failure, Postgrad Med. J, June 2007, Https://www.ncbi.nlm.nih.gov/pmc/articles/PMC2600041. Thus Congestive Heart Failure is a serious illness with an "end life trajectory" even if there is no "specific prognosis of life expectancy (which policy statement does not require) U.S.S.G 1B1.13, cmt 1 (A)(i)." Creamer also states " The court concludes, under the facts here, that Defendants congestive heart failure, together with cardiomyopathy, is a serious and advanced illness with an "end of life trajectory" and therefore is a "terminal illness" under 1B1.13, Application Note 1(A)(i). As such, defendant has demonstrated "extraordinary and compelling reasons" for a reduction in sentence". Also important to note is that Creamer was granted release from LSCI Butner, where I am currently serving my sentence. The court also concluded " Defendant has been incarcerated at Butner Low FCI, which does not have the resources of a dedicated medical center. Defendant has not received the level of care that the court recommended and believed he would receive given the seriousness of his heart conditions."

The Government continues to assert that I am receiving "regular and proper medical care". That could not be farther from the truth. The Government also claims that I am receiving my prescribed medications contrary to the unsubstantiated allegations that i am not. I have attached several exhibits, administrative remedy's, emails, and documents that prove I am not receiving adequate medical care. I have been misclassified as a Care level one, when I am infact a Care Level 3 for nearly 2 years. This in itself shows that the BOP has not provided me with the needed care I should receive. Care level 3 Inmates are fragile out patients that require at least monthly clinician evaluations. Care level 3 inmates are outpatients who have complex, and usually chronic, medical health conditions and who require frequent clinical contacts to maintain control or stability of their condition, or to prevent hospitalization or complications. I have reached out for help through email, in person and through administrative remedy to no avail. The BOP continually disregards and violates its own polices, such as Federal Correctional Complex Butner Health Services Procedure manual (pertaining to medical mattress/egg crate topper), Lipid Management (High cholesterol), Federal Bureau of Prisons management of hypertension clinal practice guidelines (regarding high blood pressure and Clinical practice guidelines (regarding classification). I am not receiving the proper and attentive care for my conditions. The BOP has not monitored my blood pressure, cholesterol or any of my other ailments violating policy and placing me at risk of death or further injury. I have requested appointments to be seen, only to be denied. As a Care level 3 I should be monitored monthly. When I reached out I was informed I would not be seen until the fall of 2023. I have more than substantiated my claims that I am not receiving adequate and regular medical care. I am also not receiving my medication in a timely manner. In September 4th my Gabapentin expired and i did not receive it until September 6th. I have no control over this medication as it is dispensed during Pill Line. It is for pain as well as an anti seizure. I was in extreme pain during the time I could not take it. In August 25th I spoke to health services because my metoprolol and Zoloft prescriptions has not refilled. They told me a refill was never put in by my provider. I emailed them on 8/22 and did not receive a response until 8/31. I was without my metoprolol for several days.

A Consultation report dated May 18th of 2022 performed by Dr. Eric Moore M.D. shows the lack of care at Butner. "His blood pressure should be under better control, especially given his expanding aortic aneurysm". " Additionally, his blood pressure historically has been poorly controlled, and this is true today. He is on minimal blood pressure medications". "He also has

TRULINCS 77123067 - ICKER, MARK ERIC - Unit: BUF-G-A

---

elevated lipids and is not on any lipid therapy". Dr. Moore also sates that I am at an increased risk of bleeding due to my HHT. Dr. Moore recommend metoprolol 25mg be added. I did not receive Metoprolol for several months until it was written in August by Duke.

Regarding my stroke, the Government states there was "no evidence of flow-limiting arterial stenosis or any evidence of intercranial aneurysm. On August 9th, 2022 I met with my Dr at Duke who reviewed my records and informed me I had a stroke. The Dr States "patient denied hearing of stroke", because i had no prior knowledge until that appointment that I had had one.

I have submitted multiple emails, cop-outs, and administrative remedies pleading for help. For example I requested medical supplies for frequent nosebleeds. The BOP, as well as regional office stated they "reviewed my medical records and there is nothing listing nosebleeds. This is incorrect. I have attached medical records that prove on a multitude of occasions i have complained of nosebleeds, and i was even prescribed gauze for "frequent nosebleeds on 04-05-2021. It is also well document that I suffer from HHT . One of the most common symptoms of HHT is Nosebleeds. Telangiectasias in the nostril burst causing bleeding. This also further supports my claim that the BOP cannot provide adequate care for me or my specialized illness, as they cannot even recognize one of the most common symptoms.

When confronted with serious medical conditions generating a deteriorating health situation such that the statutory " extraordinary and compelling" standard is met, coupled with the statutory availability of a sentencing modification, has the point been reached that the purposes of sentencing can and will be fulfilled with a modified sentence that does not include further custody? (US. V. Edward Skrine 2:15-cr-160 2021 U.S. Dist Lexis 3587) Skrine also states " What is in essence incarcerated medical care rather than a correctional sentence or punitive sanction, and will have become greater than is now necessary in this case". " The defendant has spent a significant portion of the past several months-- and apparently will spend a significant portion of the next several months and perhaps the remainder of his life-- inside hospitals, not physically incarcerated within a correctional facility. The defendant has served much of his sentence while seriously ill, this means that his sentence has been significantly more laborious and difficult than that served by most inmates. It also means that further incarceration in his condition would be greater than necessary to serve the purposes of punishment set forth in 3553(a)(2). (Gray, 416 F. supp 3d at 790) see also United States v. Lochmiller, 473 F supp 3d 1245, 1249 ( D. Colo 2020) "Courts considering Compassionate Release have acknowledged that a prisoners severe medical conditions can outweigh the purposes of continued incarceration even for serious offense.

" A covid- 19 Infection would constitute as a practical matter a death sentence. As other courts have noted in similar circumstances [a] death sentence is neither a just sentence nor one that would promote respect for the law ( US. v. Jeffrey Scott Jones No. 4:17-CR-00047 Middle district of PA). This is similary noted in United States v. Donald Barlow No. 4:19-CR-00155-01 Middle district of PA). Barlow also states " medical conditions, combined with a one in a generation pandemic, place him at a significant risk of death or serious illness should he remain in prison. This is a situation that the vast majority of prisoners do not face.

Several Courts have concluded that the failure to provide necessary treatment or undue delays in treating serious medical conditions may present " extraordinary and compelling reasons" warranting compassionate release. ( United states v Beck 425 f Supp 3d 573, 580-84 ( M.D.N.C 2019); (United States v. Almontes, Crim no. 05-58, 2020 U.S. Dist Lexis 62524, 2020 WL 1812713, *6-7 ( D. Conn. Apr 9,2020); (Robles, 2022 U.S. Dist Lexis 14554, 2022 WL 229362, at *2). In Robles the court granted Compassionate release where BOP failed to provide urgent medical treatment for the defendants serious medical conditions. In United States v. Vishallie Verasawmi 2022 U.S. Dist Lexis 125856 Crim Action No. 17-254 (FLW) the court states "The defendant had not received the consistent care and treatment required for her conditions. A motion for Compassionate Release premised on the BOP's indifference to an Inmates medical conditions or failure to provide adequate care bears similarities to claims under the eight amendment for "deliberate Indifference" to a prisoners serious medical needs (Palakovic v Wetzel, 854 F .3d 209, 228 (3d Cir 2017).

The Government sates that " Icker continues to represent a clear danger to the public if he is released to serve the remainder of his prison sentence on home confinement". They offer nothing to support that claim. My Crime occurred when I was a uniformed Police Officer. I have been properly stripped of that title and will never hold a position of authority again. I was under supervision of Federal Probation until I self surrendered. Before that I was on home confinement through the state. During this time I incurred no violations and followed all rules set forth before me. We must consider whether someone is a danger to society under Section 3142. Release or detention of a defendant pending trial (g) Factors to be considered shows the criteria to be met. I was never at any time a "danger to any person or the community that would be posed by the persons release". The BOP has me classified as a minimum recidivism and minimum pattern score. These are the lowest available. I have completed multiple programming courses, as well as FSA approved classes. I bear no disciplinary record with the BOP. Since my arrest I have incurred no disciplinary action, or given reason to state that I am a danger to society.

TRULINCS 77123067 - ICKER, MARK ERIC - Unit: BUF-G-A

---

I am respectfully requesting that my Compassionate Release be granted to serve the remainder of my sentence on Home Confinement. " Defendant is not simply being relieved of the remainder of his sentence, but must comply with home confinement (US. v. Jeffrey Plank Case no. 17-20026-JWL). Plank also states " In Summary, the defendant falls within the highest category of risk of serious harm from the ongoing pandemic; that risk is especially high at defendants facility; defendant has proposed a reasonable plan for release to home confinement; and defendant is a non-violent offender who has demonstrated his ability to comply with such a condition of release.

TRULINCS 77123067 - ICKER, MARK ERIC - Unit: BUF-G-A

---

FROM: 77123067
TO:
SUBJECT: motion for reconsideration part 2
DATE: 02/14/2023 09:31:12 PM

I present a case that is extremely similar to mine. " Despite being 33 years old, Robles suffers from multiple serious medical conditions and has had five strokes in just the last year and a half. She suffers from arteriovenous malformations (AVMS), an incurable blood vessel condition in her lungs, causing her to undergo numerous surgeries to place metal coils in her AVMS to ensure they don't rupture. Robles has been diagnosed with possible hereditary hemorrhagic telangiectasia and could possibly result in the space between her arteries and veins bursting, bleeding and hemorrhaging causing yet more strokes. Robles has not received the consistent care, monitoring, and treatment required for her conditions.(United States v Ashley Crystal Robles 2022 U.S. Dist. LEXIS 14554 CASE NO. 19cr4122).

HHT is an extremely rare disorder. HHT has caused the sequela of all of my ailments including hypertension, high cholesterol, congestive heart failure, AVMS on lungs, Brain tumors, and has caused me to suffer seizures and a stroke. The BOP cannot provide me care for my HHT. I need to be seen at an HHT Center of excellence such as the University of Pennsylvania located in Philadelphia Pennsylvania.

COVID vaccine blood clots are a real threat to those under 40, as a study with over 40 million people: "In an updated self-controlled case series analysis of 42,200,614 people (about twice the population of new York) aged 13 years or more, we evaluate the association between COVID-19 vaccination and myocarditis, stratified by age and sex, including 10,978,507 people receiving the third vaccine dose. Myocarditis risk was increased during 1-28 days following a third dose of BNT162b2 ( IRR 2.02, 95%CI 1.40, 2.91). Associations were strongest in males younger than 40 years for all vaccine types http://doi.org/10.1101/2021.12.23.21268276, https://www.qresearch.org/media/1304/ox107_covid_vaccine_safety_protocol.pdf.
 There is a new warning about the dangers of COVID vaccines in a November 26, 2022 letter written by Dr. Angus Dalgleish, professor of oncology at St. Georges University of London, which says that COVID boosters may be causing aggressive metastatic cancers. "The link with clots, myocarditis, heart attacks and strokes is now well accepted, as is the link with myelitis and neuropathy".

A letter submitted to the Court dated January 4th, 2022 Dr. Scott Trerotola stated " As Mr. Icker has a rare genetic disorder, should he require treatment for any sequela i strongly recommend that it would be completed at an HHT Center of excellence, such as UPHS". Dr. Trerotola is well qualified to make this statement. His qualifications are listed on the letterhead.

In my previous motion for reconsideration I provided the court with a letter from Dr. McCall stating that I should not take the vaccine. "a doctor who has direct contact with a claimant- even as an examining doctor is likely to have a better grasp of her condition than someone who has never seen the claimant ( filocomo v. Chater, 944 F. supp. 165, 170 n.4 (E.D.N.Y. 1996). Dr. McCall is my primary treating physician and has knowledge of my rare HHT disorder. He has treated multiple family members, and is well aware of my condition.

To avoid unwanted sentencing disparities I have included several cases of Police Officers with similar conduct who were sentenced for violating 28 U.S.C 242 deprivation of rights under color of law. US v. Michael Connolly- 9th cir. 613 Fed Appx 604, 2015 U.S. App Lexis 9071 No. 14-30134 [24 mth sentence], US v. Lopriore No. 06-r-10301 [12 months], US. v. Dean Gutierrez (Texas) 2010 US Dist LEXIS 26998 SA-05-cr-639-xr [14 months].

Given all of the above, and evidence submitted through multiple exhibits, I respectfully request that the court grant my motion for Reconsideration and Compassionate Release. I have more than met the burden of establishing Deliberate indifference to my serious medical needs by the BOP. I have shown that I am not a danger to society. The 3553(a) factors weigh in favor of release, given the totality of the circumstances. I Respectfully request the court grant my release to home confinement to serve my sentence and get the urgent medical care that I require.

